IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC MARTIN MATTHEWS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0981-G |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Eric Martin Matthews, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be construed as a motion to correct, vacate, or set aside sentence and dismissed for lack of jurisdiction.

I.

In 2007, petitioner pled guilty in the Southern District of Florida to one count of using a computer to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b), and one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). Punishment was assessed at a total of 262 months confinement, followed by a life term of supervised release. *United States v. Matthews*, No. 06-14069-CR-JEM (S.D. Fla. Mar. 8, 2007). No appeal was taken. Instead, petitioner file a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. The motion was denied by the sentencing court. *Matthews v. United States*, No. 08-14030-CV-KMM (S.D. Fla. Jul. 25, 2008), *rec. adopted*, (S.D. Fla. Aug. 27, 2008), *COA denied*, No. 08-15325-C (11th Cir. Apr. 14, 2009). Dissatisfied with that result, petitioner now seeks habeas relief pursuant to 28 U.S.C. § 2241.

II.

In two broad grounds, petitioner contends that: (1) his life term of supervised release creates an illegal sentencing disparity when compared to other inmates with similar records; and (2) various release conditions imposed by the sentencing court violate federal law.

A.

As a threshold matter, the court must determine whether these claims are properly raised in a section 2241 habeas petition. While an application for writ of habeas corpus under 28 U.S.C. § 2241 is the proper method for challenging the manner in which a sentence is being executed, *see United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992), a collateral attack on a federal criminal conviction or sentence is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Thus, a section 2241 habeas petition is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *See id.* at 877-78. The only exception to this rule is when the remedy provided under section 2255 is inadequate or ineffective. *See Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir.), *cert. denied*, 122 S.Ct. 476 (2001). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Id.* at 830, quoting *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.*

Here, petitioner argues that his life term of supervised release and certain release conditions imposed by the sentencing court are illegal. Such claims do not suggest that petitioner has been convicted of a nonexistent offense. Nor are the claims based on a new law made retroactive by

Supreme Court precedent. Instead, petitioner appears to argue that the term and conditions of his supervised release violate federal law as it existed at the time of sentencing. That petitioner may be precluded from raising these claims in a second or successive section 2255 motion does not make that remedy "inadequate" nor "ineffective." *See Jeffers*, 253 F.3d at 830; *Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000). The court therefore treats petitioner's application for writ of habeas corpus as a section 2255 motion. *See Edwards v. Dunlap*, No. 2-08-CV-306, 2009 WL 577492 at *3-4 (E.D. Va. Mar. 4, 2009) (construing section 2241 habeas petition challenging conditions of supervised release as section 2255 motion); *Espudo v. Joslin*, No. 3-06-CV-0332-G, 2006 WL 536629 at *1-2 (N.D. Tex. Feb. 28, 2006), *rec. adopted*, (N.D. Tex. Apr. 4, 2006) (same as to section 2241 habeas petition challenging legality of supervised release term).

B.

Having determined that this action must be brought under section 2255, the court now turns to the issue of jurisdiction. A federal prisoner must seek section 2255 relief from the court which sentenced him. 28 U.S.C. § 2255(a); *Pack*, 218 F.3d at 451. This filing requirement is jurisdictional. *See Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997). Because petitioner was convicted and sentenced in the Southern District of Florida, jurisdiction is proper only in that district.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be construed as a motion to correct, vacate, or set aside sentence and dismissed for lack of jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 2, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE